UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT CR 06-298 PJS/SRN |
| | ) | |
| Plaintiff, | ) | (18 U.S.C. § 2251(a)) |
| | ) | (18 U.S.C. § 2251(e)) |
| v. | ) | (18 U.S.C. § 2252(a)(4)(B)) |
| | ) | (18 U.S.C. § 2252(b)(2)) |
| LYLE ROBERT PATON, | ) | (18 U.S.C. § 2253(a)) |
| | ) | |
| Defendant. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNT 1

(Production of Child Pornography)

On or about April 2003 through July 2006, the exact date being unknown to this Grand Jury, in the State and District of Minnesota, the defendant,

LYLE ROBERT PATON,

did knowingly employ, use, persuade, induce, entice and coerce Victim 1, a minor, to engage in sexually explicit conduct, specifically, the lascivious exhibition of the genitals and pubic area of said minor, for the purpose of producing a visual depiction of such conduct, where the visual depiction was produced using materials that had been mailed, shipped and transported in interstate or foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

FILED SEP 1 2 2006
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED_____
DEPUTY CLERK'S INITIALS_____

SCANNED
SEP 1 2 2006

U.S. v. Lyle Robert Paton

## COUNT 2

(Production of Child Pornography)

On or about April 2003 through June of 2006, the exact date being unknown to this Grand Jury, in the State and District of Minnesota, the defendant,

LYLE ROBERT PATON,

did knowingly employ, use, persuade, induce, entice and coerce Victim 2, a minor, to engage in sexually explicit conduct, specifically the lascivious exhibition of the genitals and pubic area of said minor, for the purpose of producing a visual depiction of such conduct, where the visual depiction was produced using materials that had been mailed, shipped and transported in interstate or foreign commerce in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT 3

(Production of Child Pornography)

On or about April 2003 through June of 2006, the exact date being unknown to this Grand Jury, in the State and District of Minnesota, the defendant,

LYLE ROBERT PATON,

U.S. v. Lyle Robert Paton

did knowingly employ, use, persuade, induce, entice and coerce Victim 3, a minor, to engage in sexually explicit conduct, specifically the lascivious exhibition of the genitals and pubic area of said minor, for the purpose of producing a visual depiction of such conduct, where the visual depiction was produced using materials that had been mailed, shipped and transported in interstate or foreign commerce in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

### COUNT 4

(Production of Child Pornography)

On or about April of 2003 through June of 2006, the exact date being unknown to this Grand Jury, in the State and District of Minnesota, the defendant,

LYLE ROBERT PATON,

did knowingly employ, use, persuade, induce, entice and coerce Victim 4, a minor, to engage in sexually explicit conduct, specifically the lascivious exhibition of the genitals and pubic area of said minor, for the purpose of producing a visual depiction of such conduct, where the visual depiction was produced using materials that had been mailed, shipped and transported in

U.S. v. Lyle Robert Paton

interstate or foreign commerce in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT 5

(Production of Child Pornography)

On or about April of 2003 through June of 2006, the exact date being unknown to this Grand Jury, in the State and District of Minnesota, the defendant,

LYLE ROBERT PATON,

did knowingly employ, use, persuade, induce, entice and coerce Victim 5, a minor, to engage in sexually explicit conduct, specifically the lascivious exhibition of the genitals and pubic area of said minor, for the purpose of producing a visual depiction of such conduct, where the visual depiction was produced using materials that had been mailed, shipped and transported in interstate or foreign commerce in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT 6

(Possession of Child Pornography)

On or about July, 2006, in the State and District of Minnesota, the defendant,

4

U.S. v. Lyle Robert Paton

LYLE ROBERT PATON,

did knowingly possess one or more matters, that is, digital camera memory card(s) and computer hard drive which contain visual depictions produced using materials which had been mailed, shipped and transported in interstate and foreign commerce, by any means, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depictions were of such conduct, all in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

## FORFEITURE ALLEGATIONS

Counts 1 through 6 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253(a).

As a result of the foregoing offenses, the defendant,

LYLE ROBERT PATON,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 2253(a), all his right, title and interest in:

U.S. v. Lyle Robert Paton

(1)   any visual depiction described in section 2251, 2251A, 2252, or 2252A of chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of the violations alleged in Counts 1 through 6 of this Indictment.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be subdivided without difficulty;

6

U.S. v. Lyle Robert Paton

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(o), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 2251, 2252, and 2253(a).

A TRUE BILL

_____     _____
UNITED STATES ATTORNEY              FOREPERSON